# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist KRISTIAN B. PADGETT**
**United States Army, Appellant**

ARMY 20220169

Headquarters, Fort Liberty
Gregory B. Batdorff and Travis L. Rogers, Military Judges
Colonel Joseph B. Mackey, Staff Judge Advocate (pretrial)
Colonel Megan Wakefield, Acting Staff Judge Advocate (trial and post-trial)
Colonel Susan K. McConnell, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Devin V. Vickers, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major Devin V. Vickers, JA (on reply brief)

For Appellee: Colonel Christopher B. Burgess, JA; Colonel Jacqueline J. DeGaine, JA; Lieutenant Colonel Kalin P. Schlueter, JA; Captain Patrick S. Barr, JA (on brief).

5 February 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

Appellant has requested relief from this court in the form of affirming only so much of his sentence as provides for confinement for three months and a bad-conduct discharge. His requested relief will be granted in our decretal paragraph based on the excessive post-trial delay in his case.[1]

------------------------------------

[1] We have given full and fair consideration to the other assignments of error asserted by appellant's defense counsel and the matter personally raised by appellant

(continued . . .)

## BACKGROUND

On 5 April 2022, a military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of domestic violence by strangulation and one specification of domestic violence by committing a violent offense, both in violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for six months.

In his plea agreement, appellant agreed to "[w]aive [his] right to receive a copy of the record of trial" and instead, "request[ed] that a record of trial be forwarded to [his] defense counsel only" in accordance with Rule for Courts-Martial [R.C.M.] 1112(e)(2).[2] During appellant's guilty plea proceedings, this language was briefly discussed by appellant and the military judge:

> MJ: [The plea agreement] also says, you will elect to have individual copies of the [record] sent only to your defense counsel rather than being served on you. Do you understand the contents of this entire paragraph?
>
> ACC: Yes, Your Honor.
>
> MJ: Do you agree to the contents of this entire paragraph?
>
> ACC: Yes, Your Honor.

The military judge then clarified which of appellant's trial defense counsel would receive a copy of the record.

The initial post-trial processing of appellant's case proceeded swiftly. Appellant requested the convening authority waive automatic forfeitures on 12 April 2022. The convening authority granted appellant's request on 12 May 2022. After a

---

( . . .continued)
pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and determine they merit neither discussion nor relief or are mooted based on our decision to provide appellant his requested relief regarding his sentence.

[2] Rule for Courts-Martial 1112(e)(2) states, in pertinent part: "If it is impracticable to provide the record of trial to an individual entitled to receive a copy . . . or if the individual so requests on the record at the court-martial or in writing, the individual's copy of the record shall be forwarded to the individual's counsel, if any."

brief delay, the military judge entered judgment (EOJ) on 23 May 2022, in total, forty-eight days after appellant was sentenced.

The processing of appellant's case hit a stand-still after entry of judgment. Despite appellant requesting speedy post-trial processing pursuant to *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), on 23 February 2023, his 125-page record of trial was not authenticated by the military judge until 31 July 2023—more than 480 days after his guilty plea and 150 days after his *Moreno* demand. The record was certified by the court reporter in early August 2023, mailed to this court in mid-August 2023, and received by this court in late August 2023. In total, more than 500 days had passed from when appellant's guilty plea was accepted to when this court received his case.

Included in the record was a memorandum from the chief of justice (COJ), which sought to account for the post-trial delay in appellant's case. In general, these explanations broadly fell into three categories: (1) the operational impacts of a XVIII Airborne Corps European rotation from February to October 2022, which required the COJ to fill other supervisory positions, reducing her oversight of post-trial processing; (2) a shortage of experienced court-reporters; and (3) difficulties posed by utilizing contracted transcription services. These shortfalls, particularly the lack of trained and experienced court reporters, resulted in "no transcription action on reviewing the record of trial in *US v. Padgett* between 5 April 2022 and May 2023," despite the record between sent to a contractor in October 2022 and returned on 7 November 2022.

In his *Grostefon* matters, appellant averred his trial defense counsel had not received a copy of the record of trial from his court-martial as referenced in the plea agreement and discussed with military judge. On 20 December 2024, we ordered the Staff Judge Advocate (SJA) for the XVIII Airborne Corps to submit an affidavit to the court, stating whether the government had forwarded a copy of the record of trial to appellant's trial defense counsel. The acting SJA, on 3 January 2025, responded that appellant's trial defense counsel had been served with a copy of the record on 27 December 2024 (more than thirty-three months after appellant's court-martial, more than sixteen months after the record was certified as complete, and only after our order seeking clarification whether the government had forwarded the record of trial to appellant's trial defense counsel).

## LAW AND DISCUSSION

Appellant agreed in his plea agreement to waive his right to personally receive a copy of his certified record of trial. Rule for Courts-Martial 1112(e)(1) states "a court reporter shall . . . provide a copy of the certified record of trial free of charge to . . . [t]he accused." Having waived his right to personally receive the record under RCM 1112(e)(1), appellant instead requested "[a]s contemplated by

R.C.M. 1111(e)(2), . . . that [his] record of trial be forwarded to [his trial] defense counsel only." When an appellant does not personally receive his record of trial, R.C.M. 1112(e)(2) mandates a "copy of the record shall be forwarded to [appellant's] counsel" if appellant made such a request "on the record at the court-martial or in writing." In this case, appellant made a request on the record and in writing via his plea agreement.

Because the government eventually provided a copy of the record of trial to appellant's trial defense counsel, we need not determine whether appellant's written request, encapsulated in his plea agreement, also further constituted a contractual term or condition the government was required to comply with under R.C.M. 705.[3] Whether it was only a requirement under R.C.M. 1112(e)(2), or also a potential contractual "term or condition" under R.C.M. 705, the government failed for over thirty-three months after adjournment, and over sixteen months after certification, to provide a copy of the record of trial to appellant's trial defense counsel. Even this happened only after we intervened.

We need not address whether a due process violation occurred; instead, we can grant appellant his requested relief under Article 66(d)(2), UCMJ, which authorizes us to provide appropriate relief if the accused demonstrates excessive delay in the processing of his court-martial after the judgment was entered into the record.[4] A finding of prejudice to appellant is not required under our Article 66, UCMJ, analysis. *United States v. Tardiff*, 57 M.J. 219, 224 (C.A.A.F. 2002).

More than fifteen months expired between the issuance of the EOJ and our receipt of the record containing 125-pages of transcript. This timeframe is certainly excessive for a record of that nature and in no way demonstrates the efficient administration of military justice. We reviewed the memorandum for record prepared by the COJ, but we do not find the explanation for the delay persuasive, especially considering it took almost sixteen months to compile and certify the record of trial— a record which was at least partially transcribed by a contractor in less than two weeks and returned to the XVIII Airborne Corps Office of the Staff Judge Advocate in early November 2022.

---

[3] Rule for Courts-Martial 705 generally governs the nature, scope, formation, and execution of plea agreements. "Any other term or condition that is not contrary to or inconsistent with [R.C.M. 705]" is permissible, R.C.M. 705(c)(2)(F) (2019 ed.), and the agreement must "contain a complete and accurate statement of any . . . agreed terms or conditions." R.C.M. 705(e)(2) discussion.

[4] Article 66(d)(2), UCMJ, states "the Court may provide appropriate relief if the accused demonstrates error or excessive delay in the processing of the court-martial after the judgement was entered into the record."

While we acknowledge and appreciate the COJ's candor in noting the lack of action in appellant's case from April 2022 to May 2023, this complete lack of attention is inexcusable. *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("We have held that personnel and administrative issues, such as those raised by the Government in this case, are not legitimate reasons justifying otherwise unreasonable post-trial delay.").

Appellant requests that we affirm "only so much of the sentence as provides for confinement up to three months and the bad-conduct discharge." For the reasons noted above, we will provide appropriate relief to appellant in the form he requested in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. Only so much of the sentence extending to a bad conduct discharge and three months confinement is AFFIRMED.

Judge PENLAND and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court